IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TREVOR BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-015 |
| | ) | |
| CAPTAIN BRETT CARANI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

*Pro se* Plaintiff, an inmate incarcerated at Valdosta State Prison in Valdosta, Georgia, filed this pursuant to 42 U.S.C. § 1983 regarding events taking place at Columbia County Detention Center in Appling, Georgia, and is proceeding *in forma pauperis*. On August 11, 2016, the Court screened Plaintiff's complaint, finding it arguably stated a viable Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim under 42 U.S.C. § 2000cc-1(a) and ordering service of process on Defendants. (Doc. no. 9.) Defendants filed answers to the complaint on October 18, 2016. (Doc. nos. 10, 11.) On December 18, 2016, Plaintiff filed an amended complaint signed November 22, 2016, seeking to add claims against all Defendants. (Doc. no. 18.)

Federal Rule of Civil Procedure 15, which governs amendment of pleadings, provides as follows:

> A party may amend its pleading once as a matter of course within: (A) 21
> days after serving it, or (B) if the pleading is one to which a responsive

pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182).

Here, Plaintiff's amended complaint was filed more than 21 days after Defendants served their answers; thus, Plaintiff is not entitled to amend as a matter of right. Consequently, Plaintiff must seek the Court's permission to amend by filing a motion for leave to amend, which he failed to do. See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) ("Filing a motion is the proper method to request leave to amend a complaint."). Furthermore, Plaintiff asks the Court to read his amended allegations in conjunction with his original complaint; however, a plaintiff may not amend his complaint in a piecemeal manner by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Accordingly, the Court hereby **ORDERS** Plaintiff to file a motion for leave to amend his complaint along

2

with an amended complaint including all of the allegations and defendants in one document, within fourteen days of the date of this Order.  As the deadline for filing a motion to amend set by the Court's scheduling notice is rapidly approaching (see doc. no. 12), the Court **EXTENDS** that deadline to fourteen days from the date of this Order.  If Plaintiff wishes to amend his complaint, he **MUST** file a motion and an amended complaint in accordance with the following instructions.

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff.  Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.  While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.  Thus, Plaintiff must name the individuals whom he seeks to include as defendants herein in both the caption and the body of his amended complaint; he

3

may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned no portion of any prior complaint shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims he wishes the Court to consider as a basis for awarding the relief sought. Because he is proceeding IFP, any amended complaint will be screened by the Court. Should Plaintiff leave out or change information contained in the original complaint, which the Court has already determined arguably states a RLUIPA claim, Defendants or claims already in this case may be dismissed. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) (a court may dismiss an amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief).

If no response is timely received from Plaintiff, the Court will presume he no longer wishes to amend his complaint and the case will move forward on the basis of the original complaint.

Plaintiff has also filed a "Rebuttal to Defendant's Summary Judgment" asking the Court to "suppress the defendant's [sic] summary judgment." (Doc. no. 19.) As Defendants

4

have only filed answers and no motions for summary judgment, Plaintiff's rebuttal is a nullity.

SO ORDERED this 13th day of December, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA