IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

TREVOR BARNES,                          *
                                        *
        Plaintiff,                      *
                                        *
        v.                              *        CV 116-015
                                        *
CAPTAIN BRETT CARANI, *et al.*,         *
                                        *
        Defendants.                     *


---

**O R D E R**

---


Plaintiff is a prisoner presently confined at Telfair State
Prison in Helena, Georgia. Plaintiff, proceeding *pro se* and
then-incarcerated at the Georgia State Prison in Reidsville,
Georgia, initiated the present case against Defendants on
February 4, 2016 with the filing of his complaint alleging
violations of his religious rights that occurred during his
incarceration at the Columbia County Detention Center ("CCDC").
(Doc. 1.) On April 21, 2017, Defendants filed a motion for
summary judgment regarding Plaintiff's claims. (Doc. 30.) The
Clerk of Court gave Plaintiff timely notice of Defendants'
summary judgment motion and the summary judgment rules, of the
right to file affidavits or other materials in opposition, and
the consequences of default. (Doc. 31.) Plaintiff, however,

failed to file a timely response to Defendants' motion for summary judgment. Nevertheless, on May 15, 2017, "[t]o make sure that Plaintiff fully underst[ood] the ramifications of Defendants' motion for summary should he not file a response," the United States Magistrate Judge "reiterate[d] to Plaintiff the consequences of a motion for summary judgment" and granted him an extension of time through June 5, 2017 to file his response to Defendants' motion for summary judgment. (Doc. 35.) On May 17, 2017, the Court received Plaintiff's response in opposition to Defendants' motion for summary judgment.[1] (Doc. 36.)

On February 2, 2018, the Magistrate Judge entered a report and recommendation ("R&R") wherein he recommended that summary judgment be entered in favor of Defendants.[2] (Doc. 44.) The Clerk of this Court mailed the R&R - as well as the Magistrate Judge's Order setting deadlines to respond to the R&R - to

---

[1] Because Plaintiff failed to submit his own evidence in support of his opposition and did not contest Defendants' statement of undisputed facts, the Magistrate Judge concluded that "all of Defendants' fact statements not opposed by Plaintiff and supported by the evidentiary record are deemed admitted." (Doc. 44, at 1-2.)

[2] This recommendation was based upon the Magistrate Judge's conclusions that: (i) Plaintiff's claims for declaratory relief and injunctive relief were moot because he no longer resided at CCDC; (ii) Defendant Cross, in his official capacity as Chairman of the Columbia County Board of Commissioners, had no liability for - or authority or control over - the actions of the Columbia County Sheriff's Office; (iii) the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. ("RLUIPA") did not apply to Defendants Carani, Woods, or Whittle because the CCDC did not receive federal funding and, even assuming arguendo that RLUIPA was applicable to these Defendants, they would be entitled to immunity under the Eleventh Amendment in their official capacities; and (iv) even if Plaintiff could otherwise maintain a claim under RLUIPA, he had failed to demonstrate a sincerely-held religious belief to support a claim thereunder. (See Doc. 44, at 8-14.)

Plaintiff at Telfair State Prison.[3] (See Docs. 44, 45.) Plaintiff failed to file objections to the R&R. After conducting an independent and *de novo* review of the entire record, the Court adopted the Magistrate Judge's R&R as its own opinion on February 27, 2018. (Doc. 46 (the "Summary Judgment Order").) Accordingly, the Court granted Defendants' motion for summary judgment and closed this case. (Id.) Plaintiff now moves for reconsideration of the Summary Judgment Order. (Doc. 48.) Because Plaintiff has not articulated the specific legal authority under which he hopes to travel and the Court cannot determine any other grounds which apply, the Court's analysis focuses on Federal Rules of Civil Procedure 59(e), 60(b)(3), and 60(b)(6).

A party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. FED. R. CIV. P. 59(e). Because reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly, a movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Bostic v. Astrue, 2012 WL 3113942, at *1 (S.D. Ga. July 31, 2012). A Rule 59(e) motion may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," as "the

---

[3] On May 30, 2017, Plaintiff filed a notice of change of address with the Court regarding his transfer to Telfair State Prison. (Doc. 37.)

only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact." <u>Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations omitted). "Rule 59(e) is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." <u>Bostic</u>, 2012 WL 3113942, at *1 (quoting <u>Wendy's Int'l v. Nu-Cape Const., Inc.</u>, 169 F.R.D. 680, 686 (M.D. Ga. 1996)).

Alternatively, on motion and just terms, a Court may grant relief from a final judgment for a variety of reasons. <u>See</u> FED. R. CIV. P. 60(b). Rule 60(b)(3) allows for relief from a judgment obtained by "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). "To prevail on a 60(b)(3) motion, the movant must "prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." <u>Cox Nuclear Pharmacy, Inc. v. CTI, Inc.</u>, 478 F.3d 1303, 1314 (11th Cir. 2007) (internal quotations, citations, and alterations omitted). "Additionally, "the moving party must show that the conduct prevented the losing party from fully and fairly presenting his case or defense." <u>Id.</u> (internal quotations, citations, and alterations omitted). Furthermore, where the specific circumstances provided for in Rule 60(b)(1)-(5) are lacking,

4

"Rule 60(b)(6) provides a catch-all, authorizing a court to grant relief from a judgment for "any other reason that justifies relief." Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355 (11th Cir. 2014). To prevail under Rule 60(b)(6), however, the moving party "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." Id. (internal quotations and citations omitted); see also Doe v. Drummond Co., 782 F.3d 576, 612 (11th Cir. 2015) ("To warrant relief under Rule 60(b)(6), not only must Plaintiffs show sufficiently extraordinary circumstances, but also that absent such relief, an extreme and unexpected hardship will result." (internal quotations and citations omitted)).

Here, Plaintiff asserts that he did not receive a copy of the Magistrate Judge's R&R until March 5, 2018.[4] (Doc. 48, at 1.) Plaintiff posits that officials at Telfair State Prison intentionally failed to timely deliver the R&R to him as retaliation for his filing of grievances and lawsuits such as the instant action. (Id. at 1-2.) Even assuming that Plaintiff's aforesaid allegations and assumptions are correct, however, Plaintiff does not announce any substantive objections that he maintains with regard to the R&R or the Summary Judgment Order. Indeed, Plaintiff simply "request[s] that the Court reconsider its judgment and allow these proceedings to proceed

---

[4] Plaintiff states, however, that he timely received a copy of the Summary Judgment Order on March 1, 2018. (Doc. 48, at 1.)

5

in trial in lieu of what has transpired." (Id. at 2.) Moreover, Plaintiff already had notice of – and the opportunity to be heard on - the issues addressed in the R&R and Summary Judgment Order by way of his response in opposition to Defendants' motion for summary judgment. Accordingly, Plaintiff has failed to demonstrate newly-discovered evidence or manifest errors of law or fact that would justify a finding that the Court should alter or amend its Summary Judgment Order pursuant to Rule 59(e). See Arthur, 500 F.3d at 1343.

Similarly, by failing to identify any objections that he would have raised to the R&R had he timely received a copy thereof, Plaintiff has failed to demonstrate by clear and convincing evidence that his alleged failure to timely receive a copy of the R&R has prevented him from fully and fairly presenting his case or defense in this matter. Indeed, as noted above, Plaintiff already had notice and an opportunity to present his case by way of his response in opposition to Defendants' motion for summary judgment. Accordingly, Plaintiff has failed to demonstrate his entitlement to relief under Rule 60(b)(3). See Cox Nuclear Pharmacy, Inc., 478 F.3d at 1314. For these same reasons, Plaintiff has also failed to demonstrate circumstances so extraordinary or compelling as to require relief as required to receive relief under Rule 60(b)(6). See Drummond Co., 782 F.3d at 612; Aldana, 741 F.3d at 1355.

Based on the foregoing and upon due consideration, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (doc. 48) is **DENIED** and this case shall remain **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia this _16th_ day of March, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA